IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOSE ROGELIO NIETO-MOLINA,
    Petitioner,

v.                                                Civil No. 3:25cv315 (DJN)

WARDEN, FCI PETERSBURG LOW,
    Respondent.

**MEMORANDUM OPINION**

Petitioner, a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the Bureau of Prisons' ("BOP") failure to award him additional good conduct time pursuant to the First Step Act.[1] Specifically, "Petitioner avers that he has earned a substantial amount of First Step Act ('FSA') Earned Time Credit ('ETC') 18 U.S.C. § 3624(a)(4) through successful completion of [various BOP programs]." (ECF No. 1-1 at 2–3.) Nevertheless, according to Petitioner, the BOP has not yet applied those credits toward his release because it has mistakenly concluded that he has a final order of removal. (*Id.* at 3.)[2] Petitioner contends that he does not have a final order of removal and therefore is eligible to utilize additional good time credits to accelerate his release date. (*Id.* at 3–5.)[3]

---

[1] The Court employs the pagination assigned to Petitioner's § 2241 Petition by the CM/ECF docketing system. The Court corrects the capitalization, punctuation and spelling in its quotations from the parties' submissions.

[2] The pertinent statutory provision provides that an inmate "is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E).

[3] Respondent does not address Petitioner's contention that a mistaken belief that he has a final order of deportation is preventing the BOP from applying ETCs toward his release date.

Respondent has moved to dismiss. Respondent argues, *inter alia*, that the Petitioner's claim is not ripe, because "Petitioner is not projected to [be] release[d] from custody until November 2029, and the FSA imposes a 12-month cap on the application of earned time credits for early release." (ECF No. 5 at 2.) Despite the provision of *Roseboro* notice,[4] Petitioner has not filed a response. For the reasons set forth below, the Motion to Dismiss will be GRANTED.

## I.   STANDARD OF REVIEW

The relevant statute provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "[A] federal court may grant habeas relief 'only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (second alteration in original). After receiving a petition and the respondent's response, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. A habeas petition brought under 28 U.S.C. § 2241 is subject to the Rule 12 standards for dismissal. *See, e.g.*, *Adepoju v. Scales*, 782 F. Supp. 3d 306, 312–13 (E.D. Va. 2025) (applying Rule 12(b)(1) and Rule 12(b)(6) standards to § 2241 petition); *Kabando v. Blinken*, No. 1:20-cv-1270 (RDA/JFA), 2021 WL 3929826, at *2 (E.D. Va. Sept. 2, 2021) (applying Rule 12(b)(6) standards to habeas petition).

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's jurisdiction over the subject matter of the complaint. A defendant moving for dismissal for lack of subject matter jurisdiction may either attack the complaint on its face, asserting that the

---

Rather, Respondent argues that it is *premature* to apply any ETCs towards Petitioner's release date.

[4]   *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

complaint "fails to allege facts upon which subject matter jurisdiction can be based," or may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (internal quotation marks and citations omitted). In either case, the petitioner bears the burden of proof to establish jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "Where a party has made both a Rule 12(b)(1) motion and a Rule 12(b)(6) motion, a court should address the 12(b)(1) issue first." *CSX Transportation, Inc. v. Norfolk S. Ry. Co.*, No. 2:18cv530, 2019 WL 4564564, at *6 (E.D. Va. Sept. 9, 2019) (citation omitted).

## II.  FACTUAL BACKGROUND AND PETITIONER'S DEMAND FOR RELIEF

> [Petitioner] was charged, along with several others, with conspiracy to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine with a reason to believe that it would be imported into the United States, 21 U.S.C. §§ 959(a), 960(b)(1)(B), & 963. [Petitioner] was extradited from Colombia and arraigned in 2018. He later entered into a plea agreement with the government and pled guilty.

*United States v. Nieto-Molina*, No. 25-10359, 2025 WL 2860652, at *1 (11th Cir. Oct. 9, 2025). "At sentencing, in November 2019, the district court sentenced [Petitioner] to 168 months' imprisonment, to be followed by a 5-year term of supervised release." *Id.*

Petitioner's current projected release date by the application of Good Conduct Time is November 11, 2029. (ECF No. 1-1 at 14.)

In addition to Good Conduct Time, "Petitioner avers that he has earned a substantial amount of First Step Act ('FSA') Earned Time Credit ('ETC') 18 U.S.C. § 3624(a)(4) through successful completion of Evidence-Based Recidivism Reduction ('EBRR') programming and Productive Activities ('PA')." (ECF No. 1-1 at 2–3 (citing 18 U.S.C. § 3632(d)(4)(A)). Petitioner

3

contends that "[t]he Federal Bureau of Prisons [("BOP")] began applying these FSA ETC in January 2022 and should have applied Petitioner's ETC" to advance his projected release date via the FSA to November 11, 2028. (*Id.* at 3.) Nevertheless, "the BOP has . . . not appl[ied] these credits and classified Petitioner as ineligible for these credits." (*Id.* (citation omitted).) "Petitioner avers that although he has a detainer with ICE, he is NOT a subject of Final Order of Deportation, as Petitioner has not seen an immigration judge." (*Id.* at 3 (emphasis omitted).) Petitioner contends that he "qualifies for application of his FSA ETC towards earlier transfer to supervised release." (*Id.* at 4.) Petitioner asserts that his "projected release date via FSA is . . . November 11, 2028 . . . ." (*Id.* at 8.) Petitioner requests that the Court "order the BOP to apply Petitioner's Earned Time Credit towards his release date of November 11, 2028." (*Id.* at 9.)

### III. RELEVANT STATUTORY SCHEME

"The First Step Act established a system of mandatory time-credits" allowing early release from incarceration for "individuals who participate in recidivism reduction programming, with limited exceptions." *Valladares v. Ray*, 130 F.4th 74, 77 (4th Cir. 2025). The FSA provision at issue, 18 U.S.C. § 3632(d)(4)(C), enables incarcerated individuals to obtain early supervised release or a transfer to prerelease custody if they earn sufficient time credits. Specifically, the statute provides:

> **(C) Application of time credits toward prerelease custody or supervised release.**--Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C). "Under § 3624(g)(3), the BOP can apply a maximum of 365 credits towards early supervised release, but the statute does not cap the amount of FSA time-credits

4

[(ETCs)] that the BOP may apply towards a transfer to prerelease custody." *Popoola v. Scales*, No. 3:25CV390 (DJN), 2025 WL 3473370, at *4 (E.D. Va. Dec. 3, 2025) (citing 18 U.S.C. § 3624(g)(3)).

"Although all eligible inmates may earn FSA time credit, only some inmates are eligible to apply those time credits." *West v. Cutwright*, No. 1:24-CV-00380, 2025 WL 2639883, at *5 (S.D. W.Va. July 9, 2025) (quotation marks omitted) (citation omitted), *report and recommendation adopted*, No. 1:24-00380, 2025 WL 2641713 (S.D. W.Va. Sept. 12, 2025). Specifically, the relevant statute limits *application* of the ETC credits as follows:

> **(1) Eligible prisoners.**--This subsection applies in the case of a prisoner (as such term is defined in section 3635) who--
> (A) *has earned time credits* under the risk and needs assessment system developed under subchapter D (referred to in this subsection as the "System") *in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment*;
> (B) has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment;
> (C) has had the remainder of the prisoner's imposed term of imprisonment computed under applicable law; and
> (D)(i) in the case of a prisoner being placed in prerelease custody, the prisoner-
> (I) has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner; or
> (II) has had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison, after the warden's determination that--
> (aa) the prisoner would not be a danger to society if transferred to prerelease custody or supervised release;
> (bb) the prisoner has made a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities; and
> (cc) the prisoner is unlikely to recidivate; or
> (ii) in the case of a prisoner being placed in supervised release, the prisoner has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner.

18 U.S.C. § 3624(g) (emphasis added).

5

Petitioner's current projected release date by the application of Good Conduct Time is November 11, 2029. (ECF No. 1-1 at 14.) Petitioner suggests that he has earned 365 days of ETCs under the FSA. (*See* ECF No. 1-1 at 9, 14.)[5] Thus, it appears that his request that BOP apply his ETCs under the FSA to obtain early supervised release or a transfer to prerelease custody is premature.

## IV.   RIPENESS

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). "The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in 'clean-cut and concrete form.'" *Miller v. Brown*, 462 F.3d 312, 318–19 (4th Cir. 2006) (quoting *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 584 (1947)). A claim stands ripe for adjudication "when the action in controversy is final and not dependent on future uncertainties." *In re Naranjo*, 768 F.3d 332, 347 (4th Cir. 2014) (citation omitted).

The "courts have consistently held prisoners' claims seeking application of FSA Credits are not ripe until the prisoner is statutorily eligible for the same." *Sharp v. Brown*, No. 3:23-CV-138, 2024 WL 3493792, at *3 (N.D. W. Va. July 22, 2024) (citing *Patrick v. Heckard*, No. 5:23-cv-00234, 2024 WL 770631, at *4 (S.D. W. Va. Jan. 26, 2024)). "[F]ederal courts around the country have routinely read section 3624(g)(1)(A) to mean that 'the BOP is permitted to apply

---

[5]   The Court notes that "the maximum rate at which a prisoner can earn FSA Credits is 15 days 'for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.'" *Sharp v. Brown*, No. 3:23-CV-138, 2024 WL 3493792, at *3 (N.D.W. Va. July 22, 2024) (quoting 18 U.S.C. § 3632(d)(4)(A)(i)–(ii)).

6

time credits only once an inmate' has earned enough credits to 'equal the remainder of [his] sentence." *Patrick*, 2024 WL 770631, at *3 (second alteration in original) (quoting *Lallave v. Martinez*, 609 F. Supp. 3d 164, 183 (E.D.N.Y. 2022)); *see Milchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) ("Until Milchin accumulates sufficient time credits to equal the reminder of his sentence, he is not eligible to have those credits applied."); *Turner v. Heisner*, No. 22-cv-00178-PHX-JAT (ESW), 2022 WL 2195348, at *3 (D. Ariz. May 16, 2022) ("FSA earned time credits can be applied to prerelease custody or supervised release only when accumulated credits are equal to the remainder of the prison term."). "The FSA does not permit a prisoner to apply his or her earned time credits before the credits earned equal the remaining sentence because FSA credits may be lost in the interim" or other circumstances may change which may disqualify an individual from application of any ETCs. *Garcia-Garcia v. Rokosky*, No. CV 1:23-00207, 2025 WL 2934917, at *3 (S.D. W. Va. Aug. 19, 2025) (citations omitted), *report and recommendation adopted*, No. CV 1:23-00207, 2025 WL 2932662 (S.D. W. Va. Oct. 15, 2025); *see Adepoju v. Scales*, 782 F. Supp. 3d 306, 317 (E.D. Va. 2025) (observing that "a prisoner is ineligible to apply earned time credits to prerelease custody if he or she is subject to a final order of removal") (citing 18 U.S.C. § 3632(d)(4)(E)). "Petitioner's claims are premature, because he is not entitled to have any allowable sentence credits under the First Step Act applied until 365 days prior to his projected release date" of November 11, 2029, *Sharp*, 2024 WL 3823540, at *5, when that amount of ETCs "is equal to the remainder of [his] imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).

## V. CONCLUSION

The Motion to Dismiss (ECF No. 4) will be GRANTED. The action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

                                                   /s/
                                             David J. Novak
                                             United States District Judge

Richmond, Virginia
Date: January 13, 2026